UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH

Case No. 00-8041-CIV-RYSKAMP/VITUNAC

PINES PROPERTIES, INC.,
a Florida corporation,

    Plaintiff/Counterdefendant,

vs.

AMERICAN MARINE BANK,
a Washington corporation,

    Defendant/Counterplaintiff.
_____/



## FINAL JUDGMENT

THIS CAUSE comes upon Defendant American Marine Bank's Motion for Entry of Final Judgment **[DE 501]**, filed March 10, 2004. Plaintiff Pines Properties, Inc., responded **[DE 502]** on March 26, 2004 and filed its Notice of Supplemental Authority **[DE 512]** on April 5, 2004. Defendant replied **[DE 513]** on April 9, 2004. This matter is now ripe for adjudication.

Following the jury verdict in favor of Defendant on February 26, 2004, the Court instructed the parties to file a joint motion for final judgment. However, the parties have been unable to agree on the proper prejudgment interest rate, and Defendant therefore filed this motion.[1] Defendant avers that this Court has already ruled in its Summary Judgment order **[DE 234]** of March 30, 2001 that the State of Washington's interest rate of 12% per annum applies and claims that this ruling was not disturbed on appeal. Defendant also contends that, under Florida's choice of law rules, Washington's prejudgment interest rate applies. Plaintiff argues

---

[1] Plaintiff agrees to the principal amount of $1,979,737.70.

2                                                                                        UNITED STATES DISTRICT COURT
                                                                                          SOUTHERN DISTRICT OF FLORIDA

that choice of law regarding prejudgment interest was not previously determined by this Court and that Florida's prejudgment interest rate applies.  Furthermore, Plaintiff repeatedly states that the Eleventh Circuit "vacated the entirety" of this Court's Summary Judgment order, including that portion of the judgment constituting prejudgment interest.  Such a statement is nothing short of a blatant mischaracterization of the Eleventh Circuit's holding as well as this Court's November 14, 2003 Order **[DE 424]** limiting the issues to be tried in this case.

On March 30, 2001, this Court granted Summary Judgment **[DE 234]** in favor of Defendant.  In its Final Judgment **[DE 235]**, the Court explicitly awarded prejudgment interest at a *per diem* rate of $650.74 through the date of judgment.  This amount corresponds to the amount currently sought by Defendant under the Washington prejudgment interest rate.  Thus, this Court has already determined the proper prejudgment interest rate.

The Court has no reason to deviate from its initial determination that the Washington prejudgment interest rate applies, as Plaintiff did not object to its use either before or after summary judgment was entered.  On appeal, Plaintiff did not challenge this Court's calculation of damages or the award of prejudgment interest.  Contrary to Plaintiff's assertion that the Eleventh Circuit vacated the entirety of this Court's summary judgment order, only two issues were vacated and remanded for this Court's consideration: the ambiguity of the First Pledge Agreement, and whether Plaintiff's defense of material modification applied.  *See* November 14, 2003 Order.  Thus, the issue of prejudgment interest was neither vacated nor remanded for this Court's consideration.  In summary, Plaintiff failed to object to the use of Washington's prejudgment interest rate on summary judgment and failed to challenge that finding on appeal.

3                                                                                  UNITED STATES DISTRICT COURT
                                                                                    SOUTHERN DISTRICT OF FLORIDA

Furthermore, the Eleventh Circuit did not vacate and remand that portion of this Court's summary judgment order. Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion for Final Judgment **[DE 501]** is GRANTED. Defendant is entitled to the principle sum of $1,979,737.70, plus prejudgment interest in the amount of $1,064,095.02, for a total of $3,043,832.72.[2] Defendant is also entitled to post-judgment interest at the rate provided by 28 U.S.C. § 1961(a). The Clerk of the Court shall **CLOSE** this case. The Court retains jurisdiction to award costs and enter such further orders as are just and proper.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this _12_ day of April, 2004.

                                                           _/s/ Kenneth L. Ryskamp_
                                                           KENNETH L. RYSKAMP
                                                           UNITED STATES DISTRICT JUDGE

Copies provided:
All Counsel of Record

---

[2] As of April 9, 2004, Defendant was entitled to a final judgment of $3,041,880.50. However, an additional three days at $650.74 per day brings that total to $3,043,832.72.